IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILBUR L. MEDLEY, III, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 23-672-CFC |
| | : | |
| SCOTT CERESINI, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |
| _____ | : | |

**<u>MEMORANDUM</u>**

## I.      BACKGROUND

Petitioner Wilbur L. Medley, III filed a Petition for Writ of Habeas Corpus on June 28, 2023, and then filed an amended Petition on October 10, 2023 (referred to as "Petition").  (D.I. 1; D.I. 6)  The Petition asserts five Claims for relief: (1) the Superior Court violated Petitioner's due process rights by failing to take action on his Rule 61 motion for postconviction relief (D.I. 14-49) that has been pending since February 2022 (D.I. 1 at 6; D.I. 4 at 2-7; D.I. 7 at 1); (2) the Superior Court violated Petitioner's due process rights by amending his sentence when he was not present in court (D.I. 1 at 8; D.I. 4 at 7; D.I. 6 at 12); (3) trial counsel provided ineffective assistance by: (a) incorrectly advising Petitioner about his appeal rights and not filing a direct appeal of his sentence; (b) failing to inform the Superior Court about an alleged oral agreement to apply 19 months of credit time to his sentence in Criminal ID No. 1903000471, in violation of Superior Court Criminal Rule 11(e)(2); and (c) incorrectly advising Petitioner

that he would receive 19 months of credit time when he pled guilty in Criminal ID. No. 1903000471 (D.I. 1 at 9; D.I. 4 at 1,3; D.I. 6 at 10-12); (4) the State violated Rule 11(e)(2) by not informing the Superior Court about the alleged oral agreement for credit time in Criminal ID No. 1903000471 (D.I. 4 at 1); and (5) the State did not fulfill its obligations under the plea agreement in Criminal ID No. 1903000471 (D.I. 4 at 1; D.I. 6 at 1).

On March 28, 2024, the Superior Court denied the Rule 61 motion complained about in Claim One, denying Claims One and Three (a) and (c) as meritless.  D.I. 14-59 at 13-18); *see State v. Medley*, 2024 WL 1330005, at *5-*7 (Del. Super. Ct. Mar. 28, 2024). Petitioner's appeal from the Superior Court's denial of his Rule 61 motion is pending before the Delaware Supreme Court.  (D.I. 13 at 30-31)  The State filed its Answering Brief on June 20, 2024.  *See Medley v. State*, 2024 WL 3201384 (Del. June 20, 2024).   Petitioner has not indicated if he filed a response.

In this proceeding, the State filed an Answer to the Petition on April 14, 2024, asserting that the Petition is an impermissible mixed petition containing exhausted and unexhausted claims.  (D.I. 13 at 24-31, 38 n.11, 39)  More specifically, the State asserts that: (1) on March 28, 2024, the Superior Court denied the Rule 61 motion complained about in Claim One; (2) the Superior Court's March 28, 2024 decision addressed the issues raised in Claims Three (a), (c) and Five; (3) Petitioner has not exhausted state remedies for Claims Three (a), (c) and Five because Petitioner's appeal from the Superior Court's denial of his Rule 61 motion is pending before the Delaware Supreme Court (D.I. 13 at 6-10); and (4) the remaining Claims in the Petition are either non-

cognizable or procedurally barred (D.I. 13 at 23-30).  After explaining that the one-year statute of limitations is not in danger of foreclosing Petitioner from pursuing his claims in the future if he exhausts state remedies for the unexhausted Claims, the State contends that the Court should dismiss the Petition without prejudice if Petitioner does not voluntarily delete his unexhausted Claims from the Petition.  (D.I. 13 at 31-38 n.11, 39)

Petitioner filed a Reply to the State's Answer on May 1, 2024, which primarily re-asserts the same arguments presented in his Petition.  (D.I. 18)  Although Petitioner's Reply does not explicitly address the State's contention that his Petition contains both exhausted and unexhausted Claims, Petitioner references the Superior Court's March 28, 2024 decision denying his Rule 61 motion and appears to argue that the Court should view the Superior Court's "inordinate and unexcused" 25-month delay in adjudicating his Rule 61 motion as justification for excusing his failure to exhaust state remedies for Claims Three (a), (c) and Five and proceed to review the unexhausted Claims on their merits. (D.I. 18 at 11 n. 30 (citing *St. Jules v. Beto*, 462 F.2d 1365 (5th Cir. 1972) & 12)  Petitioner filed an explanatory supplement to his Reply on June 4, 2024.  (D.I. 19)  He also filed a letter on August 15, 2024, asking to be released because his father is ill.  (D.I. 20)

## II.    GOVERNING LEGAL PRINCIPLES

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, applies to the pending Petition.  AEDPA imposes a one-year period of limitations on the filing of habeas petitions and effectively precludes petitioners from filing a second or subsequent habeas application except in the most unusual of

circumstances.  *See* 28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d)(1)*; United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). Additionally, a petitioner must exhaust state remedies before filing a petition for habeas relief in a federal court.  *See* 28 U.S.C. § 2254(b) and (c).  A petitioner satisfies this exhaustion requirement by "fairly presenting" the substance of the habeas claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider the claims on the merits.  *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

As a general rule, if a petitioner presents a federal court with habeas petition containing both exhausted and unexhausted claims ("mixed petition"), the petitioner must either voluntarily dismiss the unexhausted claims or, if the federal habeas limitations period will not clearly foreclose a future collateral attack, the federal court must dismiss the entire petition without prejudice to permit exhaustion of state remedies for all claims.  *See Rhines v. Weber*, 544 U.S. 269 (2005); *Pliler v. Ford*, 542 U.S. 225 (2004); *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982); *Lambert*, 134 F.3d at 513.  If there was "inexcusable or inordinate delay by the state in processing claims for relief," a federal court may be prompted to excuse a petitioner's failure to exhaust.  *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994); *see* 28 U.S.C. § 2254(b)(1)(B); *Duckworth v. Serrano*, 454 U.S. 1 (1981).  "Although the existence of inordinate delay does not automatically excuse exhaustion, it does shift the burden to the state to demonstrate why exhaustion should still be required – a burden that is difficult to meet."  *Story*, 26

4

F.3d at 405.  When a failure to exhaust is excused due to a state's inexcusable or inordinate delay in processing claims for relief, the federal court may review an unexhausted habeas claim on its merits without engaging in the exhaustion and/or procedural default analysis.  *See, e.g., Lee v. Stickman*, 357 F.3d 338, 344 (3d Cir. 2004); *Story*, 26 F.3d 402, 405-06 (3d Cir. 1994); *Woodruff v. Willams*, 2016 WL 6124270, at *1 (E.D. Pa. Oct. 19, 2016).

Finally, as a general rule, a federal habeas court may stay a timely filed habeas petition containing both exhausted and unexhausted claims (*i.e.*, a "mixed petition") where: (1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not plainly meritless; and (3) there is an absence of any indication that the petitioner engaged in potentially dilatory tactics.  *See Rhines*, 544 U.S. at 270, 277-78.  Good cause typically requires a showing that exhaustion will likely result in the petition being time-barred by the one-year limitations period in 28 U.S.C. § 2244.  *See Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) ("[T]he time remaining on the one-year clock to file a federal habeas petition could reasonably be a component in the 'good cause' determination from *Rhines*."); *Heleva v. Brooks*, 581 F.3d 187, 190-92 (3d Cir. 2009).

## III.    DISCUSSION

 The Parties' filings and the state court record reveal that: (1) Claim Two is exhausted but procedurally defaulted; (2) Claims Three (b) and Four are unexhausted but procedurally defaulted; and (3) Claims One, Three (a), (c) and Five are unexhausted but still capable of exhaustion because the Superior Court denied Petitioner's Rule 61

5

motion containing Claims One, Three (a), (c) and Five on March 28, 2024.  Additionally,

as of August 15, 2024, Petitioner's postconviction appeal was still pending before the

Delaware Supreme Court.[1]  Given these circumstances, the Court concludes that the

instant Petition is an impermissible mixed Petition containing both exhausted and

unexhausted claims still capable of being exhausted.

 The Parties' filings and the state court record further demonstrate that the entire

limitations period has been statutorily tolled during Petitioner's state post-conviction

proceedings.[2]  The limitations period will continue to be statutorily tolled until the

Delaware Supreme Court renders a decision with respect to Petitioner's Rule 61 appeal

---

[1]The State filed its Answering Brief in Petitioner's Rule 61 appeal on June 20, 2024.  In his August 15, 2024, Petitioner states he has "two separate appeals in the [Delaware] Supreme Court."  (D.I. 20 at 1)  Therefore, it appears that Petitioner's postconviction appeal is still pending before the Delaware Supreme Court.

[2]Petitioner entered his guilty plea to second degree burglary (Crim. ID No. 1903000471) on June 22, 2021, and his sentence for his guilty plea was amended on June 29, 2021. (D.I. at 3-4)  Petitioner did not appeal his June 29, 2021 amended sentence order. Consequently, his judgment of conviction became final 30 days later, on July 29, 2021. Although AEDPA's limitations period began to run on July 30, 2021, Petitioner had already filed a *pro se* Rule 35 motion on July 28, 2021.  The Superior Court denied the Rule 35 motion on September 23, 2021 (D.I. 14-2 at Entry No. 76; D.I. 14-12 at 58)  The Delaware Supreme Court affirmed the Superior Court's denial of the Rule 35 motion on July 12, 2022, and then denied his motion for reargument on August 26, 2022.  *See Medley v. State*, 281 A.3d 29, 31 (Del. 2022); (D.I. 14-19 at 1-2)  In the interim, however, Petitioner filed a Rule 61 motion on February 17, 2022.  The Superior Court denied that Rule 61 motion on March 28, 2024, and it appears that Petitioner's appeal of that decision is still pending before the Delaware Supreme Court.  Thus, the Rule 61 motion will act to toll the limitations period from February 17, 2022 until the Delaware Supreme Court renders a decision in Petitioner's Rule 61 appeal.

 This procedural history demonstrates that AEDPA's entire limitations has been tolled since July 28, 2021 (when Petitioner filed his first Rule 35 motion), which means that the limitations period will not actually start to run until the Delaware Supreme Court issues its decision in Petitioner's Rule 61 appeal.

that is still pending before it.  (*See* D.I. 13 at 34-38 & n. 11)  Consequently, the Court concludes that a stay of the instant proceeding is not warranted because dismissing the instant Petition without prejudice will not jeopardize the timeliness of a future habeas petition.

Additionally, Petitioner's argument that his failure to exhaust state court remedies for Claims One, Three (a) and (c), and Five should be excused due to the Superior Court's "inordinate and unexcused" delay in ruling on his Rule 61 motion is unpersuasive.  First, "[t]he existence of an inordinate delay does not automatically excuse the exhaustion requirement, but it does shift the burden to the state to demonstrate why exhaustion should still be required."  *Lee*, 357 F.3d at 341.  Second, neither the United States Supreme Court nor the Third Circuit has defined the specific amount of time that constitutes inordinate delay in a petitioner's post-conviction proceedings.  As explained by the Third Circuit,

> [w]e stated in *Wojtczak v. Fulcomer,* 800 F.2d 353, 354 (3d Cir. 1986), that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable."  In that case, thirty-three months had passed after the petitioner's PCRA filing without resolution.  *Id.*  This, we found, excused the petitioner's failure to exhaust his state court remedies.  *Id.* at 356.  The thirty-three month delay in *Wojtczak* remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement.

*Cristin v. Brennan,* 281 F.3d 404, 411 (3d Cir. 2002) (refusing to excuse exhaustion in the face of 27 month delay); *see also Lee*, 357 F.3d at 343-44 (excusing exhaustion after eight year delay); *Coss v. Lackawanna County Dist. Att'y,* 204 F.3d 453, 460 (3d Cir. 2000) (en banc) (excusing exhaustion after seven year delay), *rev'd on other*

7

*grounds,* 532 U.S. 394 (2001); *Story*, 26 F.3d 402, 406 (3d Cir. 1994) (excusing exhaustion after nine year delay).  Generally, courts in the Third Circuit have excused a petitioner's failure to exhaust state remedies where the following three factors are present: (1) the delays in the state court proceedings have amounted to three, five, eleven, or twelve years;[3] (2) no meaningful action towards resolution has been taken in the state court; and (3) the delay was not attributable to the petitioner.  *See Simmons v. Garman*, 2017 WL 2222526, at *3 (E.D. Pa. Feb. 14, 2017).  And finally, federal courts consider the degree of progress made by the state courts when determining whether a delay is inordinate.  *See Lee*, 357 F.3d at 342.  In cases where courts have excused exhaustion due to an inordinate delay, the delay in the petitioner's state post-conviction proceedings was still ongoing at the time of federal habeas review.  *See Wojtczak*, 800 F.2d at 354 (Wojtczak's state postconviction proceeding had been pending for 33 months and had not been resolved when he filed his habeas petition); *c.f. Cristin*, 281 F.3d at 411 (concluding that 33 month delay did not excuse exhaustion under inordinate delay exception as state court ruled on Cristin's state post-conviction petition one week after he filed his federal habeas petition); *Wallace v. Dragovich*, 143 F. App'x 413, 418 (3d Cir. 2005) (finding that petitioner's failure to exhaust was not excusable on basis of inordinate delay, where previously stalled state habeas proceeding had resumed).  The Court has not identified any cases holding that a petitioner's failure to exhaust can be excused on the basis of a delay in a state post-conviction proceeding when that delay

---

[3]*See Story*, 26 F.3d at 405-06 (citing cases).

has already ended.  *See*, *e.g.*, *Vreeland v. Davis*, 543 F. App'x 739, 741-42 (10th Cir. 2013).

Here, although the Superior Court took 25 months to rule on Petitioner's Rule 61 motion, it appears that Petitioner's appeal from that decision has been pending for approximately six months.[4]  Petitioner does not allege, and the Court does not discern, any reason to believe that the Delaware Supreme Court will be unable to decide his post-conviction appeal in a timely fashion.  *See*, *e.g.*, *White v. Kelley*, 2018 WL 4839230, at *1 (E.D. Ark. Aug. 23, 2018) (noting that White's subjective fears that Arkansas Supreme Court would prolong his hearing past his unlawful discharge date did not allow him "to bypass the exhaustion requirement in anticipation that his efforts in state court may be futile"); *Staton v. Brighthaupt*, 2012 WL 1144035, at *4 (D. Conn. April 4, 2012) (rejecting Staton's argument that "he should not be required to *attempt* to exhaust his other, non-exhausted state court remedies because a state habeas proceeding *might* result in a lengthy process") (emphasis in original).  Thus, the Court will not excuse Petitioner's failure to exhaust on the ground of inordinate delay, because his post-conviction proceeding is not currently stalled.

Having determined that neither a stay nor an excusal of the exhaustion requirement is warranted, the Court will provide Petitioner with an opportunity to delete his unexhausted Claims and proceed only with the exhausted Claims.[5]  If Petitioner

---

[4]Petitioner filed his notice of appeal in the Delaware Supreme Court on April 11, 2024. (D.I. 14-63)

[5]In the supplement filed on June 6, 2024, Petitioner essentially argues that he should not be required to exhaust state remedies for Claims One, Three (a), (c), and Five, and

does not delete his unexhausted Claims (Claims One, Three (a), (c), and Five), the Court will summarily dismiss the mixed Petition without prejudice to Petitioner filing a new habeas petition upon complete exhaustion of state court remedies.

## IV.    CONCLUSION

For the reasons discussed, the Court will provide Petitioner with an opportunity to delete the unexhausted Claims from the instant impermissible mixed Petition.  If Petitioner fails to delete said Claims, the Court will summarily dismiss the Petition without prejudice.  An order consistent with this Memorandum will be entered.

Dated:  October 18, 2024

_____
Colm F. Connolly
Chief Judge

---

states he "will voluntarily dismiss any of the **other** claims which are not exhausted." (D.I. 19 at 5) (emphasis added)  Given Petitioner's use of the term "other," the Court does not view the Supplemental Memoranda as voluntarily withdrawing Claims One, Three (a), (c), and Five.  The letter Petitioner filed on August 15, 2024 also does not state that Petitioner is voluntarily withdrawing the unexhausted Claims.  (D.I. 20) Instead, Petitioner asks the Court to release him because his father is ill.  (*Id.*)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILBUR L. MEDLEY, III,                          :
                                                :
            Petitioner,                         :
                                                :
      v.                                        :        Civil Action No. 23-672-CFC
                                                :
SCOTT CERESINI, Warden, and                     :
ATTORNEY GENERAL OF THE                         :
STATE OF DELAWARE,                              :
                                                :
            Respondents.                        :
_____ :

## ORDER

At Wilmington this Eighteenth day of October in 2024, for the reasons set forth in the Memorandum issued this date;

**IT IS HEREBY ORDERED** that:

1.  Within 21 days of the entry of this Memorandum and Order, Petitioner shall inform the Court whether: (1) he wishes to delete the unexhausted Claims and proceed only with the exhausted claims; or (2) he wishes to have the entire Petition dismissed without prejudice to enable him to re-file a habeas petition once he satisfies the exhaustion requirement contained in 28 U.S.C. § 2254(b).

2.  Petitioner's failure to submit a written explanation as to how he wishes to proceed by the aforementioned deadline will result in the Court summarily dismissing the instant Petition without prejudice for failure to exhaust state remedies.

_____
Colm F. Connolly
Chief Judge